Jeremy S. Golden (SBN 228007)
Cory M. Teed (SBN 299780)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
cory@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EVAN BESENGER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY CREDIT UNION; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.: '22CV1040 DMS KSC<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1)　　This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting; and against Defendant San Diego County Credit Union ("SDCCU") for violations the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive,

and unfair practices.

## II. JURISDICTION AND VENUE

2) Jurisdiction of this Court arises under 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3) Plaintiff EVAN BESENGER is a natural person residing in the State of California, County of San Diego.

4) Defendant SAN DIEGO COUNTY CREDIT UNION ("SDCCU") at all times relevant is a company in the business of collecting debts in San Diego County, California operating from an address at 6545 Sequence Drive, San Diego, CA 92121. SDCCU is engaged in the collection of debts from consumers using the mail and telephone. SDCCU is a "debt collector" as defined by the Rosenthal Act, California Civil Code §1788.2(c). SDCCU is a company who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the company's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25. SDCCU furnishes consumer information to consumer reporting agencies.

5) Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") at all times relevant was a corporation doing business in San Diego County, California operating from an address at 475 Anton Blvd., Costa Mesa, CA 92626. EXPERIAN is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

6) Defendant TRANS UNION LLC ("TRANS UNION") at all times relevant was

a limited liability company doing business in San Diego County, California operating from an address at 555 W Adams St., Chicago, IL 60661. TRANS UNION is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. TRANS UNION disburses such consumer reports to third parties under contract for monetary compensation.

7) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

8) Plaintiff is an alleged "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

9) The purported debt which SDCCU attempted to collect from Plaintiff is a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

### IV.  FACTUAL ALLEGATIONS

10) Plaintiff is a victim of identity theft. Plaintiff had a credit card account with SDCCU (the "Account"). An unknown identity thief made unauthorized charges on the Account without Plaintiff's authorization or knowledge totaling approximately $2,042.25.

11) The fraudulent charges made by the identity thief occurred on or about December 2, 2021 through December 6, 2021.

12) EXPERIAN and TRANS UNION (collectively known as "the CRAs")

inaccurately reported the Account to Plaintiff's credit file.

13) SDCCU is reporting the Account to Plaintiff's EXPERIAN credit file with a 90 day past due notation for the month of May 2022, and reporting the Account to Plaintiff's TRANS UNION credit file with a 90 day past due notation for the month of June 2022.

14) The information SDCCU is reporting to the CRAs is false as Plaintiff was not late on any alleged payments due in May or June of 2022 as he was a victim of identity theft and did not incur the alleged charges on the Account at that time.

15) Plaintiff filed a police report regarding the identity theft involving the Account.

16) Plaintiff provided SDCCU a copy of the police report.  Plaintiff also provided the CRAs a copy of the police report which was then forwarded to SDCCU again.

17) Plaintiff disputed the false information with SDCCU and the CRAs in writing as he does not owe on the Account and was not late on the Account in May or June 2022. Plaintiff attached a copy of his police report to his dispute letters that he sent to both SDCCU and the CRAs.

18) SDCCU and the CRAs failed to conduct reasonable investigations into the disputes alleged by Plaintiff and continue to report the Account inaccurately on his credit file.

19) The CRAs negligently produced consumer reports with respect to Plaintiff's credit that contain the false information.

20) The CRAs further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

21) Despite Plaintiff's requests to cease collection and credit reporting, SDCCU continued its collection and credit reporting efforts, irrespective of the identify theft.

22) As a result of Defendants' conduct, Plaintiff's credit worthiness has been damaged.

23) Plaintiff further suffered emotional distress.

## V.  FIRST CLAIM FOR RELIEF
### (Against All Defendants for Violations of the FCRA)

24) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing

paragraphs.

25) The CRAs violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

26) The CRAs violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to SDCCU; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

27) SDCCU violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding same; by failing to accurately respond to the CRAs; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false information to the CRAs.

28) The Defendants' unlawful conduct damaged Plaintiff as referenced above.

29) The Defendants' unlawful conduct was willful.

30) Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

31) Plaintiff is further entitled to recover costs and attorneys' fees from the Defendants pursuant to 15 U.S.C. §§1681n and/or 1681o.

## VI.  SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the CCRAA)

32) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

33) Defendants violated the CCRAA, by including but not limited to, the following:
   (a) The CRAs violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff;
   (b) The CRAs violated California Civil Code §1785.16 by failing to conduct

a reasonable reinvestigation to determine whether the dispute information is inaccurate and record the current status of the disputed information, or delete the item from the file; and

  (c) SDCCU violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that SDCCU knew or should have known was incomplete or inaccurate.

34) Defendants' acts as described above were done negligently and/or intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35) As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

36) Defendants' violations were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

## VII.  THIRD CLAIM FOR RELIEF

**(Against Defendant SDCCU and DOES 1-5 for Violation of the Rosenthal Act)**

37) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

38) Defendants violated the Rosenthal Act, by including but not limited to, the following:

  (a) SDCCU violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

  (b) SDCCU violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692e(2)(a) by giving the false impression of the character, amount or legal status of the debt;

  (c) SDCCU violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692e(8) by communicating or threatening to

|   |   |   |
|---|---|---|
| | | communicate credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; |
| | (d) | SDCCU violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer; |
| | (e) | SDCCU violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and |
| | (f) | SDCCU violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law. |

39) Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

40) As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

41) Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

//
//
//
//
//
//
//
//

Case 3:22-cv-01040-DMS-KSC   Document 1   Filed 07/18/22   PageID.8   Page 8 of 8

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Costs and reasonable attorneys' fees;

    (d)    Punitive damages; and

    (e)    For such other and further relief as the Court may deem just and proper.

Date: July 18, 2022           /s/Cory M. Teed_____
Cory M. Teed
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: July 18, 2022           /s/Cory M. Teed_____
Cory M. Teed
Attorney for Plaintiff

8
COMPLAINT AND DEMAND FOR JURY TRIAL